IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

Juan Agripino, Hugo Rangel, Isai Manriquez, Juan Carlos Maldonado, Jose Luis Ramirez, and Roberto Alvarado, individually and on behalf of other employees similarly situated, Plaintiffs
v.
Ranger Construction, Inc., and Satwant K. Kaler, individually, Defendants

## COMPLAINT

NOW COME Juan Agripino, Hugo Rangel, Isai Manriquez, Juan Carlos Maldonado, Jose Luis Ramirez, and Roberto Alvarado (collectively, "Plaintiffs"), individually, and on behalf of other employees similarly situated, pursuant to 29 U.S.C. § 201 *et seq.*, commonly known as the Fair Labor Standards Act ("FLSA"), 820 ILCS § 105/1 *et seq.*, commonly known as the Illinois Minimum Wage Law ("IMWL"), and 820 ILCS § 130/0.01 *et seq.*, commonly known as the Illinois Prevailing Wage Act ("IPWA") and complain against Defendants Ranger Construction, Inc., ("Ranger Construction") and Satwant K. Kaler ("Kaler") (collectively, "Defendants") and in support, state:

## INTRODUCTION

1. This action seeks redress for Defendants' willful violations of the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq.* ("FLSA"), the Illinois Minimum Wage Law, 820 ILCS § 105/1 *et seq.* ("IMWL"), and the Illinois Prevailing Wage Act, 820 ILCS § 130/0.01 *et seq.* for Defendants' failure to pay Plaintiffs and other similarly situated employees: (1) overtime wages for hours worked in excess of forty (40) hours in a workweek and (2) all earned prevailing wages for construction and labor work on public works in the locality in which the work was performed.

2. Defendants' unlawful compensation practices have, and have had, the effect of denying Plaintiffs and other similarly situated Plaintiffs their earned and living wages.

3. Plaintiffs' FLSA collective action consent forms are attached hereto as Exhibit A.

## JURISDICTION AND VENUE

4. This Honorable Court has subject matter jurisdiction over the federal wage claims through 29 U.S.C. § 216(b) (FLSA), 28 U.S.C. § 1331 (federal question), and 28 U.S.C. §1337 (actions arising under acts of Congress relating to commerce).

5. This Honorable Court has supplemental jurisdiction over the Illinois wage claims through 28 U.S.C. § 1367 because they are so related to Plaintiffs' claim within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution.

6. Venue is properly placed in the Northern District of Illinois, Eastern Division, through 28 U.S.C. § 1391(b), because the facts and events giving rise to Plaintiffs' claims occurred in this judicial district.

## THE PARTIES

### Plaintiffs

7. Plaintiffs reside, is domiciled, and worked for Defendants in Cook County, Illinois, which is in this judicial district.

8. During the course of their employment, Plaintiffs handled goods that moved or that were intended to move in interstate commerce and were "employees" as defined by the FLSA, 29 U.S.C. §201 *et seq.*, the IMWL, 820 ILCS 105/1 *et seq.*, and the IPWA, 820 ILCS § 130/0.01 *et seq.*

### Defendants

9. Defendant Ranger Construction is an entity doing business within this judicial district and is an "enterprise" as defined by the FLSA, 29 U.S.C. § 203(r)(1), engaged in commerce within the meaning of 29 U.S.C. § 203(s)(1)(A).

10. Based on information and belief, Defendant Ranger Construction has annual gross sales of $500,000.00 or more.

11. Defendant Ranger Construction was Plaintiffs' "employer" as that term is defined by the FLSA, 29 U.S.C. § 203(d), the IMWL, 820 ILCS § 105/3, and the IPWA, 820 ILCS § 130/0.01 *et seq*.

12. Defendant Kaler is the owner of Ranger Construction and is involved in the day-to-day business operations and has the authority to hire and fire employees, the authority to direct and supervise the work of employees, the authority to sign on the business's checking accounts, including payroll accounts, and has the authority to participate in decisions regarding employee compensation and capital expenditures.

13. Defendant Kaler was Plaintiffs' "employer" as that term is defined by the FLSA, 29 U.S.C. § 203(d), the IMWL, 820 ILCS § 105/3, and the IPWA, 820 ILCS § 130/0.01 *et seq*.

14. Upon information and belief, Defendant Kaler resides and is domiciled in this judicial district.

15. Upon information and belief, Defendants did not record and preserve employee records in accordance with 29 C.F.R. Part 516.

16. Upon information and belief, a notice of employee rights under the FLSA, with content prescribed by the Wage and Hour Division of the United States Department of Labor, was not posted in a conspicuous area of the workplace as required by the FLSA.

## FACTS

17. Plaintiff Agripino has worked for Defendants since March 2014.

18. Plaintiff Rangel worked for Defendants from August 15, 2013 to February 9, 2017.

19. Plaintiff Manriquez worked for Defendants from March 25, 2016 to February 9, 2017.

20. Plaintiff Maldonado worked for Defendants from April 1, 2013 to February 9, 2017.

21. Plaintiff Ramirez worked for Defendants from April 8, 2013 to December 2, 2016.

22. Plaintiff Alvarado worked for Defendants from June 1, 2014 to November 23, 2016.

23. Plaintiffs worked as general laborers for Defendants.

24. During the course of their employment, Plaintiffs' work activities engaged them individually in commerce.

25. During the course of their employment, Plaintiffs handled goods that moved in interstate commerce.

26. Plaintiffs worked approximately up to sixty (60) hours per week.

27. Plaintiffs Agripino, Rangel, and Maldonado were paid $25.00 per hour for all hours worked, including all hours worked in excess of forty (40) hours in a workweek.

28. Plaintiffs Manriquez and Alvarado were paid $20.00 per hour for all hours worked, including all hours worked in excess of forty (40) hours in a workweek.

29. Plaintiffs were paid by Defendants via check.

30. Plaintiffs did not receive overtime wages at time and a half their regular hourly rate despite working more than forty (40) hours per week.

31. Plaintiffs were paid their regular hourly rate for all time worked in excess of forty (40) hours in a workweek.

32. Plaintiffs worked as laborers for Defendants and routinely engaged in public works.

33. Plaintiffs were paid less than the general prevailing hourly rate for work of a similar character in the locality in which the work was performed.

34. Plaintiffs were not, and at all relevant times have not been, exempt from the overtime provisions of the FLSA and IMWL.

## COUNT I: VIOLATION OF THE FLSA
### Overtime Wages

35. Plaintiffs re-incorporate by this reference the allegations contained in all preceding paragraphs of this Complaint as if fully set forth herein.

36. Plaintiffs and the members of the class were directed by Defendants to work, and did so work, in excess of forty (40) hours per week.

37. Defendants did not compensate Plaintiffs or members of the class at a rate of at least one and one-half (1.5) times their regular hourly rate of pay for all hours worked in excess of forty (40) hours in their individual workweeks.

38. Defendants' failure and refusal to pay overtime wages for hours worked in excess of forty (40) hours per week was a willful violation of the FLSA.

39. Plaintiffs and other similarly situated employees are entitled to recover unpaid overtime wages for up to three (3) years prior to the filing of this lawsuit because Defendants' failure to pay overtime wages for hours worked in excess of forty (40) hours per work week was a willful violation of the FLSA.

WHEREFORE, Plaintiffs and the class respectfully request that this Honorable Court:

A. Determine that this action may be maintained as a collective action pursuant to the FLSA.

B. Enter a judgment in the amount of unpaid overtime wages for all time worked by Plaintiffs and other similarly situated employees in excess of forty (40) hours in individual work weeks;

C. Award liquidated damages in an amount equal to the amount of unpaid overtime wages;

D. Declare Defendants to be in violation of the FLSA;

E. Enjoin Defendants from violating the FLSA;

F. Award reasonable attorneys' fees and costs; and

G. Grant such additional or alternative relief as this Honorable Court deems just and proper.

## COUNT II: VIOLATION OF THE ILLINOIS MINIMUM WAGE LAW
### Overtime Wages

40. Plaintiffs re-incorporate by this reference the allegations contained in all preceding paragraphs of this Complaint as if fully set forth herein.

41. This Count arises from Defendants' failure to pay Plaintiffs overtime wages for all time worked in excess of forty (40) hours in individual work weeks in violation of the IMWL.

42. Defendants directed Plaintiffs to work, and Plaintiffs did work, in excess of forty (40) hours in individual work weeks.

43. Other similarly situated employees were likewise directed to work, and did work, in excess of forty (40) hours in individual work weeks.

44. Plaintiffs were entitled to be paid overtime wages for all time worked in excess of forty (40) hours in individual work weeks.

45. Defendants did not pay Plaintiffs overtime wages for all time worked in excess of forty (40) hours in individual work weeks.

46. Defendants violated the IMWL by failing to pay Plaintiffs overtime wages for all hours worked in individual work weeks.

47. Pursuant to 820 ILCS 105/12(a), Plaintiffs are entitled to recover unpaid wages for three (3) years prior to the filing of this suit.

WHEREFORE, Plaintiffs respectfully request that this Honorable Court:

A. Enter a judgment in the amount of overtime wages due to Plaintiffs as provided by the IMWL;

B. Award Statutory damages for Plaintiffs pursuant to the formula set forth in 820 ILCS § 105/12(a) and 815 ILCS § 205/2;

C. Declare that Defendants have violated the IMWL;

D. Enjoin Defendants from violating the IMWL;

E. Award reasonable attorneys' fees and costs of this action as provided by the IMWL; and

F. Grant such other and further relief as this Honorable Court deems just and proper.

### Count III: Illinois Prevailing Wage Act Violation

48. Plaintiffs incorporate all paragraphs above as if fully restated below.

49. This count arises from Defendants' violation of the IPWA, for Defendants' failure to pay all earned prevailing wages to Plaintiffs.

50. The purpose of the IPWA is to ensure that all laborers and drivers employed by or on behalf of any and all public bodies engaged in public works (state-funded construction projects) are paid a wage of no less than the general prevailing hourly rate as paid for work of a similar character in the locality in which the work is performed.

51. A public body includes any institution supported in whole or in part by public funds.

52. Defendants were supported by funds made available by or through the state for construction projects throughout the state of Illinois.

53. Plaintiffs, while employed by Defendants, performed work on public works, as that term is defined by the IPWA, 820 ILCS §130/2.

54. For the hours Plaintiffs worked on public works, Defendants paid Plaintiffs less than the general prevailing rate of hourly wages for work of a similar character in the locality in which the work was performed.

55. Plaintiffs were directly employed by Defendants who were contractors or subcontractors engaged in actual construction and were engaged in the transportation of materials and equipment to or from various job sites throughout Illinois.

56. Defendants violated the IPWA by failing to compensate Plaintiffs consistent with the IPWA's prevailing wage rate provisions.

57. Pursuant to 820 ILCS §130/11, laborers and drivers, such as Plaintiffs, who are not compensated at the general prevailing rate of hourly wages, are entitled to recover the difference between the wages paid and the prevailing rate of hourly wages, plus punitive damages in the amount of two percent per month of the amount of any penalty.

WHEREFORE, Plaintiffs respectfully request that this Honorable Court:

A. Enter a judgment against Defendants in the amount of all unpaid prevailing wages;

B. Award reasonable attorneys' fees, costs, and punitive damages under 820 ILCS §130/11;

C. Enjoin Defendants from further violating the IWPA; and

D. Grant any other relief deemed just.


Respectfully submitted,

**/s/ Raisa Alicea**
Raisa Alicea
Consumer Law Group, LLC
6232 N. Pulaski, Suite 200
Chicago, IL 60646
Office: 312-800-1017
ralicea@yourclg.com